P-SEND, ENTER, JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 05-636-RGK (SSx) | Date | August 5, 2005 |
|---|---|---|---|
| Title | *LAURENCE PILGERAM v. THE VANGUARD GROUP, INC.* | | |

Present: The Honorable **R. GARY KLAUSNER, U.S. DISTRICT JUDGE**

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

Proceedings: **(IN CHAMBERS) DEFENDANT THE VANGUARD GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT (DE 10)**

## I. INTRODUCTION

Plaintiff Laurence Pilgeram ("Pilgeram") sued Defendant The Vanguard Group, Inc. ("Vanguard") in the Superior Court of California for restitution of monetary losses and punitive damages. The litigation arises out of a failed investment. Pilgeram deposited a $700,000 check with Vanguard on September 4, 2002. Pilgeram was concerned that the value of his investment was falling. In response, he attempted to open an account in a different investment. To fund the new investment, he wrote a check against the Vanguard account on October 14, 2002, for $690,0000. However, by the time Vanguard received the note, the value of the account would not support the withdrawal and the check "bounced." A few days later Pilgeram closed the account, but between October 14 and the time he successfully closed the account he had lost an additional $22,722.65. Pilgeram sued to recover this loss, as well as to recover interest, costs, and punitive damages for "breach of fiduciary duty, failure to execute, failure to supervise, breach of contract, omission, negligence, and manipulation or misrepresentation." (Statement of Claim ("SOC") at 5.)

## II. JURISDICTION

Defendant removed this case to federal court based on diversity juridiction. (Notice of Removal). The Notice of Removal claimed, without sufficient supporting documentation, that Vanguard was truly diverse and that the amount in controversy exceeded $75,000. (*Id*. at 2-4.) The Court took the present Motion under submission and issued an order to show cause as to why the case should not be dismissed for lack of jurisdiction. Defendant's response contains the proper documentation to prove that diversity jurisdiction is present. (*See* Def.'s Mem. of P. & A. in Resp. to Order to Show Cause at 3-8; Donadio Decl.) The Court finds that although Vanguard has a large percentage of California shareholders, the business has a unique structure that forms a principle place of business in Pennsylvania. The parties are truly diverse. Additionally, Vanguard has cited cases that demonstrate it is at least plausible that Plaintiff's Complaint

*could* generate punitive damages that, combined with actual damages, *may* exceed the jurisdictional threshold. *See Mihara v. Dean Witter & Co., Inc.*, 619 F.2d 814, 826 (9th Cir. 1980); *Hobbs v. Bateman Eichler, Hill Richards, Inc.*, 164 Cal. App. 3d 174, 180 (Cal. Ct. App. 1985). Based on Defendant's response, and Plaintiff's lack of opposition, the Court finds that Defendant has sufficiently proven that diversity jurisdiction exists in this case.

## III.   JUDICIAL STANDARD

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Upon such a showing, the Court may grant summary judgment as to "all or any part thereof." Fed. R. Civ. P. 56(a), (b).

To prevail on a summary judgment motion, the moving party must show there are no triable issues of fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the nonmoving party's case. *Id.* at 326.

To defeat a summary judgment, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp v. Catrett*, 477 U.S. at 324.

## IV.   DISCUSSION

Defendant moves for summary judgment on the grounds that (1) the undisputed facts demonstrate that Vanguard did not cause Pilgeram's loss, and (2) there is no evidence to support Plaintiff's fiduciary duty, contract, negligence, and fraud claims. Based on all evidence provided and after consideration of the parties' arguments, the Court makes the following findings of fact and conclusions of law.

### A.   Findings of Fact

Pilgeram deposited a $700,000 check with Vanguard on September 4, 2002. This deposit included an incomplete registration form and deposit slip. On September 24, Pilgeram called and asked if he could write checks against the account or make wire redemptions. (Williams Decl. ¶ 11; Newman Decl. ¶ 6, Ex. D.) Vanguard told Pilgeram that he could write checks but that the option to make wire redemptions was not set up yet. Pilgeram asked what he should do to establish a wire redemption option. (*Id.*) In response, Vanguard mailed Pilgeram a wire redemption form. (Greco Decl. ¶ 14). This form instructed Pilgeram to "tape either a voided check or a preprinted deposit slip [to the form]. If you do not, there will be a delay in processing your request." (SOC at 36.)

Pilgeram sent the form back without attaching a deposit slip or a voided check. (Dep. at 187:20-188:1.) Unsure if Plaintiff intended to use the deposit slip he had sent them on September 4, Vanguard sent Plaintiff a letter for clarification. (Greco Decl. ¶¶ 14-15.) Plaintiff returned this letter with a handwritten note stating that Vanguard already had the information. (*Id.* ¶ 16.) Vanguard received this note on October 14 and interpreted it to mean they should use the deposit slip sent in on September 4. (*Id.*) On October 16, Vanguard set up the wire redemption option. (*Id.*; Dep. at 199:9-200:15.)

On October 14, 2002, Pilgeram drafted a note against the account for $690,0000 and deposited it with Smith Barney. (SOC at 9-10, 43-44; Dep. at 211:20-25.) When Smith Barney presented the check to Vanguard's bank on October 17, the value of Plaintiff's account was less than the amount of the check. Therefore, the check "bounced." (*Id.*) Vanguard sent a mailgram to Pilgeram informing him of the bounced check, which he received on October 23. The same day (but after business hours), Pilgeram called to close out his account. (Greco Decl. ¶ 18.) Pilgeram's account was closed as of October 24, 2002, and Vanguard wired proceeds totaling $676,022.45. (*Id.*) Between October 14 and the time he successfully closed the account Plaintiff had lost $22,722.65.

If Plaintiff had requested a check redemption by telephone on October 14, 2002, and Defendant had honored that request, the loss at issue in this lawsuit would not have occurred. The Vanguard prospectus states:
> **How to Redeem Shares ... By Telephone** : Contact Vanguard by telephone to request a redemption.
>
> . . . .
>
> **Types of Redemptions ... Check Redemptions**: Unless instructed otherwise, Vanguard will mail you a check, normally within two business days of your trade date.

(SOC, Ex. 11 at 41-42.) On September 24, a Vanguard representative told Plaintiff that he could redeem his shares and receive the proceeds through a mailed check. (Newman Decl. ¶ 6; Donadio Decl. ¶ 8.) On October 14, Plaintiff did not request a redemption through a mailed check. (Dep. at 210:23-25; 214:18-216:20.)

On October 24, Plaintiff called Defendant's customer service department and complained about his bounced check and his loss. During this conversation, Pilgeram never mentioned that he called on October 14 to request a wire redemption and that his request was refused. (Newman Decl. ¶ 7.)

### B.   Conclusions of Law

Defendant argues that the facts demonstrate that, as a matter of law, Defendant did not cause Plaintiff's loss. Plaintiff states that he called Defendant on October 14 to request a wire transfer and that Plaintiff refused the wire transfer. Plaintiff argues that Defendant's representatives should have told him on October 14 that, rather than a wire transfer, he could simply ask for a check redemption through the mail. Defendant responds by arguing that there is no evidence that Plaintiff called them on October 14 to request any type of transfer, other than Plaintiff's self-serving statement.

#### 1.   *Defendant did not Cause Plaintiff's Loss*

Plaintiff has the burden of proof at trial that Defendant caused Plaintiff's loss. Plaintiff offers no evidence to support his contention that he called Defendant on October 14, 2002. Defendant offers evidence to support its contention that Plaintiff did not call them on October 14.

Plaintiff's self-serving testimony that he placed the call is insufficient to survive summary judgment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The Court finds as a matter of law that Defendant did not cause Plaintiff's loss.

### 2. *There is no Evidence to Support Plaintiff's Remaining Claims*

Plaintiff's remaining claims appear to be for breach of fiduciary duty, breach of contract, fraud, and negligence. However, all are tied to the essential contention that Plaintiff called on October 14 and was denied his request for a wire transfer. Without evidence to support that contention, there is no evidence to support a finding on any remaining claim. Accordingly, Defendants are entitled to summary judgment on all of Plaintiff's claims.

## V. CONCLUSION

In light of the foregoing, Defendant's Motion for Summary Judgment is **granted**.

**IT IS SO ORDERED.**

Initials of Preparer