SEND, CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-636-RGK (SSx) | Date | October 21, 2005 |
| Title | *LAURENCE PILGERAM v. THE VANGUARD GROUP, INC.* | | |

Present: The Honorable **R. GARY KLAUSNER, U.S. DISTRICT JUDGE**

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) DEFENDANT'S MOTION FOR ATTORNEYS' FEES (DE 34)

## I. FACTUAL BACKGROUND

Pro se Plaintiff Laurence Pilgeram ("Pilgeram") sued Defendant The Vanguard Group, Inc. ("Vanguard") in the Superior Court of California for restitution of monetary losses and punitive damages. The litigation arose out of a failed investment. Pilgeram deposited a $700,000 check with Vanguard on September 2, 2002. Fearing the diminishment of his investment, Pilgeram wrote a check against the Vanguard account for $690,000 on October 14, 2002. By the time Vanguard received the note, the value of the account did not support the withdrawal, and the check bounced. Pilgeram lost an additional $22,722.65 before he successfully closed the account.

On August 5, 2005, this Court granted Vanguard's Motion for Summary Judgment. The Court found that had Pilgeram requested a check redemption by telephone on October 14, 2002, and had Vanguard honored that request, the loss would not have occurred. The Court concluded that as a matter of law Vanguard did not cause Pilgeram's loss.

In the course of the litigation, Vanguard served Pilgeram with a set of Requests for Admissions. Vanguard contends that Pilgeram either denied or evaded these requests improperly, forcing Vanguard to incur the costs of proving facts that Pilgeram should have admitted. As such, Vanguard has filed this Motion for Attorneys' Fees seeking $42,770.00 for 117.5 hours of work allegedly caused by Pilgeram's failure to admit.

## II. JUDICIAL STANDARD

Federal Rule of Civil Procedure 37(c)(2) provides that an award of reasonable expenses, including attorneys' fees, shall be made for costs incurred in proving the truth of the matters contained in a Request for Admission under Rule 36, unless (1) the request was held objectionable under Rule 36(a); (2) the admission sought was not of substantial importance; (3) the party failing to admit had reasonable

ground to believe that he might prevail on the matter; or (4) there was other good reason for the failure to admit. Awarding fees and costs under Rule 37(c) is within the discretion of the district court. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). "The pro se status of a losing party is a factor to be considered, [] both with respect to whether fees are warranted, and as to the amount of the fee." 10 Moore's Federal Practice Guide § 54.173 [1][b] (Matthew Bender 3d ed.). The Ninth Circuit recognizes that pro se litigants are granted special solicitude with regard to court-ordered sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (*citing Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)).

### III. DISCUSSION

Discovery sanctions are generally considered deterrents against "future frivolous suits." *See Callow v. Amerace Corp.*, 681 F.2d 1242, 1243 (9th Cir. 1982); *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985); *Hilgeford v. The Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985). According to the record, Pilgeram's responses to Vanguard's Requests for Admission indicate an attempt to comply with Vanguard's discovery request. Given Pilgeram's pro se status and apparent lack of experience with the basic rules of civil procedure, the Court finds that Pilgeram's conduct does not rise to the level of willfulness or frivolity sought to be deterred by Rule 37(c)(2). Accordingly, sanctions are inappropriate.

### IV. CONCLUSION

In light of the foregoing, Defendant Vanguard's Motion for Attorneys' Fees is **denied**.

**IT IS SO ORDERED.**

Initials of Preparer